UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| ALIKHAN BAIMBETOV, | Case No. 2:26-cv-01194-MMD-DJA |
| Petitioner | ORDER |
| v. | |
| JASON KNIGHT, *et al.*, | |
| Respondents | |

Petitioner Alikhan Baimbetov, an immigration detainee challenging the lawfulness of his federal detention at Nevada Southern Detention Center, filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1 ("Petition").)

The Court has reviewed the Petition and preliminarily finds Petitioner likely can demonstrate that his circumstances warrant, at a minimum, similar relief as this Court ordered for Petitioners Mena-Vargas and Reyes-Lopez in *Escobar Salgado v. Mattos*, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025). The Court directs service of the Petition on the United States Attorney's Office for the District of Nevada ("USAO") and sets a briefing schedule.

The Petition, however, also suffers from a procedural defect: the Petitioner has not listed the warden of Nevada Southern Detention Center as a respondent in this action. The Petition lists Respondent Jason Knight as the warden of Nevada Southern Detention Center. The Court will nonetheless direct service on John Mattos as the warden of Nevada Southern Detention Center.

///

///

It is therefore ordered that the Clerk of Court:

1. Add the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. Mail a copy of the Petition (ECF No. 1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

3. Send, through CM/ECF, a copy of the Petition (ECF No. 1) and this order to counsel for proper respondent John Mattos: Ashlee Hesman at ahesman@strucklove.com.

It is further ordered that the USAO file a notice of appearance within three days of the date of this Order and file and serve their answer to the Petition within seven days of the date of this Order, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.[1] Petitioner will then have five days to file a reply.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

///

---

[1]*See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

It is further ordered that Respondents shall not transfer Petitioner out of this District.[2]


DATED THIS 21st Day of April, 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]*See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

3