UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

ALIKHAN BAIMBETOV,

Petitioner

v.

JASON KNIGHT, *et al.*,

Respondents

Case No. 2:26-cv-01194-MMD-DJA

ORDER

## I.    SUMMARY

Petitioner Alikhan Baimbetov, an immigration detainee challenging the lawfulness of his federal detention at Nevada Southern Detention Center, filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1 ("Petition").)[1] For the reasons discussed below, the Court grants the Petition and orders Respondents to provide Petitioner with a constitutionally adequate individualized bond hearing.

## II.    RELEVANT BACKGROUND

Petitioner is a native and citizen of Kazakhstan. (ECF No. 1 at 8.) He entered the United States on December 16, 2022 without being admitted or paroled at a designated port of entry. (*Id.* at 9.) He was apprehended by U.S. Border Patrol that same morning. (*Id.* (citing ECF No. 1-4).) Border Patrol determined Petitioner was not a threat and released him from custody on an Order of Recognizance pending his immigration proceedings. (*Id.* (citing ECF No. 1-4).) Petitioner was enrolled in the Alternatives to

---

[1]Respondent John Mattos filed a Response stating he has no independent authority to release Petitioner and takes no position on the relief request. (ECF No. 8.) Federal Respondents (Todd Blanche, Brian Henkey, Jason Knight, Todd M. Lyons, Markwayne Mullin) filed a response. (ECF No. 7.) Petitioner did not file a reply.

Detention program and released into the interior. (*Id.* (citing ECF No. 1-4).) Petitioner lived in Los Angeles for three years where he pursued his immigration case and complied with the conditions of his release. (*Id.*) An immigration judge denied Petitioner's requests for relief and ordered him removed on August 27, 2025. (*Id.* at 10 (citing ECF No. 1-8).) Petitioner timely appealed this decision to the Board of Immigration Appeals, which remains pending to this day. (*Id.* (citing ECF No. 1-5).) Accordingly, Petitioner does not have a final order of removal.

On March 31, 2026, over three years after Petitioner entered the United States and was released into the interior to pursue his immigration proceedings, Immigration and Customs Enforcement ("ICE") detained Petitioner. (*Id.* at 11 (citing ECF No. 1-6).) Petitioner has been treated as subject to mandatory detention and therefore has not received a bond hearing. (*Id.*) Petitioner now seeks habeas corpus relief. (ECF No. 1.)

### III.     LEGAL STANDARDS

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

The Immigration and Nationality Act ("INA") outlines when noncitizens may or must be civilly detained and what relevant procedural safeguards apply. See 8 U.S.C. §§ 1101 *et seq.*. Three statutes in particular govern immigration detention: Sections 1226(a), 1226(c), and 1225. Section 1226(a) "sets out the general rule" regarding the arrest, detention and release of noncitizens "present in the country" who are allegedly subject to removal. *Nielsen v. Preap*, 586 U.S. 392, 396 (2019). The statute grants the Department of Homeland Security ("DHS") the discretion to either detain or release on bond those

2

noncitizens arrested and facing removal proceedings. Section 1226(c) carves out a subset of noncitizens who are subject to mandatory detention due to various crimes. *See* 8 U.S.C. § 1226(c). Section 1225 addresses noncitizens who are deemed "applicants for admission" and imposes expedited removal procedures and generally mandates detention. *Id.* at § 1225.

**IV.    DISCUSSION**

Petitioner argues DHS improperly classifies him as an "applicant seeking admission" under Section 1225(b)(2)(A) and therefore unlawfully detains him without a bond hearing. (ECF No. 1.) Respondents appear to incorporate their prior litigated position in *Jacobo-Ramirez v. Mullin*, arguing that noncitizens residing within the United States may be classified as "seeking admission" and held without bond. (ECF No. 7 (citing No. 2:25-CV-02136-RFB-MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026)).) The Court rejects Respondents' reasserted statutory interpretation and accordingly grants the Petition.

The Court adopts the legal reasoning and statutory interpretation in *Jacobo-Ramirez v. Mullin. See* 2026 WL 879799. In *Jacobo-Ramirez*, Judge Boulware comprehensively analyzed the statutory text and constitutional requirements and found the government's Section 1225(b)(2)(A) mandatory detention position unlawful as applied to noncitizens detained in the interior following years of residence, such as Petitioner. *See id.* In this way, the District of Nevada aligns with the overwhelming majority of federal courts and judges that have addressed this question. *See* Kyle Cheney, *Our running list of judges who have ruled on ICE's mass detention policy*, POLITICO, Feb. 28, 2026, updated Apr. 28, 2026, https://www.politico.com/news/2026/02/18/trump-judges-immigration-detention-00784614 ("District court judges appointed by every president since Ronald Reagan have overwhelmingly agreed, rejecting the new policy….").

Respondents seem to argue that Petitioner does not fall within the class action in *Jacobo-Ramirez*. (ECF No. 7.) But Petitioner admits as much in the Petition and requests

3

independent relief through individual adjudication of his Petition. (ECF No. 1 at 19.) As Respondents note, Petitioner does not fall within the class because he was detained approximately two months before the date establishing the class. (ECF No. 7 at 1-2.) Moreover, Petitioner's removal proceedings occurred in California, not within the District of Nevada. *See Jacobo-Ramirez v. Noem*, No. 2:25-CV-02136-RFB-MDC, 2026 WL 310090, at *24 (D. Nev. Feb. 5, 2026). But despite these minor technical distinctions, Petitioner otherwise falls within the certified class. *See id.* Like class members, Petitioner is not subject to mandatory detention due to criminal history.[2] He entered the U.S. and lived in the interior before his arrest and detention by ICE. Like class members, he is being held as though he were an "applicant seeking admission" and has been deprived of an individualized bond hearing. And Respondents make no argument why Petitioner should be treated any differently than the members of that class and instead merely reiterate their same stance in that litigation. (ECF No. 7.)

Respondents cite two recent circuit court decisions embracing their statutory interpretation. (ECF No. 7 at 2 (citing *Buenrostro-Mendez v. Bondi*, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)).)[3] However, two other similarly non-binding circuit court decisions have come out the other way, interpreting the statute like the District of Nevada in *Jacobo-Ramirez*. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *23 (2d Cir. Apr. 28, 2026). The Court therefore is not persuaded by Respondents' invocation of these cases.

Under a plain reading of the statute, Petitioner may be detained discretionarily under 8 U.S.C. 1226(a) and therefore is owed a bond hearing. The Court will order relief

---

[2]Respondents do not contest that Petitioner has no criminal history and therefore is not subject to mandatory detention under Section 1226(c).

[3]Notably, as Petitioner identifies, Judge Boulware has considered and rejected the Fifth Circuit's reasoning. *See Morales v. Noem*, No. 2:26-CV-00585-RFB-MDC, 2026 WL 776986, at *2 (D. Nev. Mar. 19, 2026); *Dorantes v. Knight*, No. 2:26-CV-00650-RFB-MDC, 2026 WL 752649, at *2 (D. Nev. Mar. 17, 2026). The Court adopts that reasoning here.

in the form of an adequate bond hearing as requested by Petitioner. (ECF No. 1 at 26-27.) At this bond hearing, the government must bear the burden of establishing, by clear and convincing evidence, an individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024). The bond hearing must also consider Petitioner's financial circumstances and possible alternative release conditions. *See Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that the Petition is granted. (ECF No. 1.)

It is further ordered that Respondents must provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a), consistent with the requirements described above, no later than Monday, May 18, 2026.

It is further ordered that if a constitutionally adequate bond hearing is not conducted by May 18, Respondents must immediately release Petitioner from custody on his own recognizance.

It is further ordered that Respondents are permanently enjoined from detaining Petitioner under 8 U.S.C. § 1225(b)(2)(A).

It is further ordered that Respondents are permanently enjoined from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under Section 1226(a) after a constitutionally adequate bond hearing.

It is further ordered that the Parties shall file a joint status report by Tuesday, May 19. The status report shall detail if the bond hearing occurred, if bond was granted or

denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm the date and time of Petitioner's release from detention in compliance with this Order. If bond was denied, Respondents must (1) attach the order of the immigration judge to the joint status report and (2) provide the contemporaneous record of the bond hearing to Petitioner's counsel immediately upon request.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 11th Day of May 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

6